IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID J. GRAUER,

                                        OPINION AND ORDER

        Plaintiff,

                                        19-cv-594-bbc

    v.

WARDEN LIZZIE TEGELS, TAMMY MAASSEN,
DR. LILY LIU, DEBRA TIDQUIST, KRISTINE PRALLE,
JODI DOUGHERTY and ANTHONY HENTZ,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff David Grauer filed a civil action under 42 U.S.C. § 1983, contending that medical staff at the Jackson Correctional Institution violated his rights under the Eighth Amendment by failing to provide him adequate medical treatment for his diabetes. His complaint is before the court for screening under 28 U.S.C. § 1915A. Because I conclude that plaintiff has failed to state any claim for relief against defendants, I will dismiss this case.

Plaintiff alleges the following facts in his amended complaint.

ALLEGATIONS OF FACT

Plaintiff is incarcerated at the Jackson Correctional Institution, where defendants are employed: Lizzie Tegels is the warden, Tammy Maassen is the health services manager, Debra Tidquist is a nurse practitioner, Lily Liu is a physician, Kristine Pralle and Anthony Hentz are nurses and Jodi Dougherty is the inmate complaint examiner. Plaintiff is suing

1

Tegels in her official capacity.

Plaintiff had been receiving regular insulin for type 1 diabetes, but it was discontinued on February 18, 2019. On February 21, 2019, plaintiff saw Dr. Liu and Tidquist, who told him that his insulin was being discontinued because of misuse. Although Liu prescribed metaformin as an alternative treatment, plaintiff told Liu and Tidquist that it had not worked for him in the past and made him sick.

Plaintiff filed an inmate complaint with Dougherty about the incident on February 21, but she failed to investigate and rejected the complaint because the issue had been raised and addressed in a prior complaint. However, plaintiff did not file a previous complaint with respect to this issue. Plaintiff also filed an informal grievance with Maassen on April 28, 2019, alleging that he had a history of type 1 diabetes and high blood sugar levels and had submitted numerous health service requests for regular insulin for his diabetes but Liu refused to prescribe insulin because of "cost considerations." Maassen failed to do anything.

The lack of insulin caused plaintiff to have severe neuropathy and high blood sugar levels. After plaintiff continued to file numerous complaints and health service requests, Tidquist restarted plaintiff's insulin.

In early May 2019, plaintiff's blood sugar level was high (over 600). He asked correctional staff to inform the health services unit. Pralle, who was on call, saw plaintiff and gave him insulin. However, when plaintiff returned to his housing unit, his blood sugar level was still high (478). (It is unclear from plaintiff's allegations, but it appears that Pralle may have given plaintiff another dose of insulin on the same day or another day in early May.)

2

On May 12, 2019, plaintiff was taking long-acting insulin in the health services unit. He told Pralle that he was experiencing chest pains. Pralle did not check his vitals, give him an electrocardiogram or give him regular insulin, even though plaintiff told her that he was at a high risk for a heart attack or stroke.

On June 30, 2019, plaintiff checked his blood sugar level. Because it was high, plaintiff notified a correctional officer, who called Hentz, the on-call nurse. Hentz asked to speak with plaintiff over the telephone, but plaintiff refused to talk to her. Hentz did not give plaintiff regular insulin and told correctional staff that plaintiff would be ok until the next morning. When Hentz called plaintiff to the health services unit the next morning, plaintiff told him he was going to file a grievance. Hentz said to go ahead because it would not go anywhere. On July 8, 2019, plaintiff filed an inmate complaint, alleging that Hentz denied him insulin even though plaintiff's blood sugar level was high. Dougherty denied the complaint because plaintiff did not follow the chain of command.

Although plaintiff has made a few other general allegations about some of the defendants not providing him adequate medical care for kidney pain and a broken wrist, I have not included them because they are not related to his diabetes and plaintiff does not say that he is attempting to bring a claim with respect to any of these issues.

OPINION

Plaintiff states that he that he is bringing Eighth Amendment claims against defendants for failing to provide him adequate medical care for his diabetes. A prison official

3

violates the Eighth Amendment if the official acts with "deliberate indifference" to a "substantial risk of serious harm" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Deliberate indifference" means that the officials are aware that the prisoner faced a substantial risk of serious harm or "'excessive risk to [the prisoner's] health or safety,'" but disregard the risk by consciously failing to take reasonable measures to prevent it. Gevas v. McLaughlin, 798 F.3d 475, 480 (7th Cir. 2015) (quoting Farmer, 511 U.S. at 837); Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996).

Thus, to state a claim that defendants violated the Eighth Amendment by denying him adequate medical care, plaintiff must allege facts that: (1) he had a serious medical need; (2) defendants knew that plaintiff needed medical treatment; and (3) defendants consciously failed to take reasonable measures to provide the necessary treatment. Minix v. Canarecci, 597 F.3d 824, 831 (7th Cir. 2010); Forbes, 112 F.3d at 266.

Plaintiff's allegations that he has diabetes and requires treatment with medication suggest that he has a serious medical need. He also alleges facts suggesting that all of the individual defendants knew about his serious medical need. It is a closer question whether plaintiff's allegations suggest that the individual defendants were deliberately indifferent to his serious medical need.

Plaintiff alleges that defendants Liu and Tidquist stopped his insulin in February

4

2019 and that defendants Pralle and Hentz failed to give him insulin when he needed it in May and July 2019. However, plaintiff's allegations show that all of these defendants responded to his complaints of high blood sugar levels by evaluating and treating him with insulin or an alternative medication. Because plaintiff alleges that defendants provided him some treatment, the relevant question under the Eighth Amendment is whether plaintiff's allegations suggest that their actions were "blatantly inappropriate," Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014), or "such a substantial departure from accepted professional judgment, practice, or standard, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261-62 (7th Cir. 1996). Plaintiff's allegations do not meet this standard.

Although plaintiff says that both Dr. Liu and Nurse Tidquist stopped his insulin in February 2019, that decision would have been made by Dr. Liu as plaintiff's treating physician, and as a nurse, Tidquist was entitled to rely on that decision. Rice ex rel. Rice v. Correctional Medical Services, 675 F.3d 650, 686 (7th Cir. 2012) (finding that nurses were entitled to rely on judgment of physician who was medical professional responsible for making decisions). Therefore, plaintiff's allegations are insufficient to state a deliberate indifference claim against Tidquist.

With respect to Dr. Liu, plaintiff alleges that she stopped his insulin because of his alleged misuse and replaced it with metaformin. Apart from general allegations about metaformin not working well and making him feel sick in the past, plaintiff does not allege that he experienced any serious problem with the drug of which Liu was aware and ignored.

5

Although plaintiff may disagree with Liu's medical assessment about which medication is more effective for his diabetes, this does not mean that Liu was deliberately indifferent. "[T]he question whether . . . additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment" and does not represent cruel and unusual punishment. Jackson v. Kotter, 541 F.3d 688, 698 (7th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 107 (1976)). "A medical professional's treatment decisions will be accorded deference unless 'no minimally competent professional would have so responded under those circumstances.'" Id. (quoting Sain v. Wood, 512 F.3d 886, 895 (7th Cir. 2008)). Under these standards, plaintiff has failed to state an Eighth Amendment claim against defendant Liu.

Plaintiff alleges that Pralle did not check his vitals, order an electrocardiogram or give him more insulin or a different type of insulin when he reported chest pains during an appointment, even though plaintiff told Pralle that his diabetes placed him at a higher risk for a heart attack or stroke. However, plaintiff also alleges that he was receiving some form of insulin treatment during the appointment and had an opportunity to speak with Pralle about his concerns. As explained above, whether to use specific diagnostic techniques is a question of medical judgment. Although plaintiff may have wanted Pralle to perform more tests, his allegations do not suggest that Pralle's actions were blatantly inappropriate or not based on accepted professional judgment, practices or standards. Therefore, plaintiff's allegations do not state an Eighth Amendment claim against defendant Pralle.

Plaintiff also has failed to state any claim for relief against defendant Hentz. Plaintiff

alleges that Hentz refused to see him in person when correctional staff called the health services unit about plaintiff's high blood sugar level on the night of June 30, 2019. However, plaintiff refused Hentz's offer to speak with plaintiff over the telephone. Hentz also saw plaintiff in the health services unit the next morning. Plaintiff does not allege that he suffered any harm from not being seen by Hentz immediately, apart from having an elevated blood sugar level. At most, Hentz's alleged conduct may have been negligent or even grossly negligent, but plaintiff's allegations are not sufficient to state a claim that Hentz was deliberately indifferent to his serious medical needs.

Plaintiff's allegations also do not state an Eighth Amendment claim against defendants Maassen and Dougherty, neither of whom were responsible for treating plaintiff. Plaintiff alleges that Maassen and Dougherty denied his complaints without properly investigating them. However, ruling against plaintiff on his inmate complaint or grievance is not enough to state a claim. McGee v. Adams, 721 F.3d 474, 485 (7th Cir. 2013); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). In addition, prison officials are under no obligation to provide an effective grievance procedure, or for that matter, any grievance system at all. Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

7

Plaintiff also alleges that Maassen should have ordered Dr. Liu to prescribe regular insulin, but he does not allege that Maassen, in her role as health services manager, was responsible for seeing patients, for ordering physicians to treat patients or for treating plaintiff in particular. Maassen cannot be held responsible if other health services staff failed to respond to plaintiff's requests for treatment. Miller v. Harbaugh, 698 F.3d 956, 962 (7th Cir. 2012) ("[D]efendants cannot be [held liable under the Eighth Amendment] if the remedial step was not within their power."); Burks v. Raemisch, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Accordingly, plaintiff cannot proceed on any claim against Maassen or Dougherty.

Finally, plaintiff alleges that he is suing defendant Tegels in her official capacity as the warden. An official capacity claim under § 1983 is in essence a claim against an official's office, and as such, a suit against the state itself, Will v. Department of State Police, 491 U.S. 58, 71 (1989), and is limited to injunctive relief from a policy or custom that played a role in the alleged constitutional violation. Williams v. Wisconsin, 336 F.3d 576, 581 (7th Cir. 2003) ("Official-capacity suits against state officials seeking prospective relief are permitted by § 1983, and under Ex Parte Young, they are not barred by the Eleventh Amendment.") (citations omitted). However, because plaintiff's allegations are insufficient to state a claim for any constitutional violation, there is no basis for injunctive relief in this case. Therefore, defendant Tegels also will be dismissed.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff David Grauer's failure to state a claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 18th day of October, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge